## L. S. Dickey, Appellee, v. Mary Wells et al., Trustees, Appellants.

### Gen. No. 22,537.   (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. HARRY P. DOLAN, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed February 5, 1917.

### Statement of the Case.

Action by L. S. Dickey, plaintiff, against Mary Wells, Thomas E. Wells, John E. Wells and Preston A. Wells, trustees under the will of Thomas Edmund Wells, deceased, defendants, for damages for injuries to plaintiff's property in his apartment in defendants' steam-heated apartment building, caused by steam escaping from an unprotected pipe in the dining room. From a judgment for plaintiff for the sum of $110.90, defendants appeal.

SONNENSCHEIN, BERKSON & FISHELL, for appellants.

WINSTON, PAYNE, STRAWN & SHAW, for appellee; WALTER H. JACOBS and GEORGE A. KELLY, of counsel.

MR. JUSTICE DEVER delivered the opinion of the court.

### Abstract of the Decision.

1. APPEAL AND ERROR, § 1752*—*when judgment affirmed for insufficiency of abstract.* An abstract which is a mere index to the record and does not comply with Rule 18 of the Appellate Court warrants affirmance of the judgment.

2. LANDLORD AND TENANT—*when landlord liable for damages due to escape of steam from pipe left in unprotected condition.* Where the owners of a steam-heated apartment building failed to place a cap upon the open end of a radiator pipe in an apartment after

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

removing the radiator therefrom in the spring, although the attention of the owners' foreman and of the janitor of the building was called to the matter, and in consequence thereof when steam was turned on in the building in the fall, seven months later, during the absence of the lessee of the apartment, the lessee's property was damaged by steam which escaped from the unprotected pipe, *held* that the unprotected condition of the pipe was the result of a positive wrongful act on the part of the owners' employees, the provisions of the lease exempting the owners from liability for any damage occasioned by steam and water pipes, "except from the positive wrongful act of the lessor herein or his employees."

3. LANDLORD AND TENANT, § 197*—*when evidence sufficient to sustain verdict in action for damages for leaving steam pipe in unprotected condition.* Evidence *held* sufficient to warrant the verdict of the jury in an action by a lessee for damages for leaving the end of a radiator pipe in a steam-heated apartment building unprotected.